# COVER SHEET FOR FILING CIVIL ACTIONS
COMMONWEALTH OF VIRGINIA

Case No. **2022  17507**
(CLERK'S OFFICE USE ONLY)

Fairfax County ................................................ Circuit Court

Thomas Moncrief .......... v./*In re:* .......... Home Depot U.S.A., Inc., et al.
PLAINTIFF(S)                                         DEFENDANT(S)

I, the undersigned [ ] plaintiff [ ] defendant [x] attorney for [x] plaintiff [ ] defendant hereby notify the Clerk of Court that I am filing the following civil action. (Please indicate by checking box that most closely identifies the claim being asserted or relief sought.)

## GENERAL CIVIL
**Subsequent Actions**
[ ] Claim Impleading Third Party Defendant
  [ ] Monetary Damages
  [ ] No Monetary Damages
[ ] Counterclaim
  [ ] Monetary Damages
  [ ] No Monetary Damages
[ ] Cross Claim
[ ] Interpleader
[ ] Reinstatement (other than divorce or driving privileges)
[ ] Removal of Case to Federal Court
**Business & Contract**
[ ] Attachment
[ ] Confessed Judgment
[ ] Contract Action
[ ] Contract Specific Performance
[ ] Detinue
[ ] Garnishment
**Property**
[ ] Annexation
[ ] Condemnation
[ ] Ejectment
[ ] Encumber/Sell Real Estate
[ ] Enforce Vendor's Lien
[ ] Escheatment
[ ] Establish Boundaries
[ ] Landlord/Tenant
  [ ] Unlawful Detainer
[ ] Mechanics Lien
[ ] Partition
[ ] Quiet Title
[ ] Termination of Mineral Rights
**Tort**
[ ] Asbestos Litigation
[ ] Compromise Settlement
[ ] Intentional Tort
[ ] Medical Malpractice
[x] Motor Vehicle Tort
[ ] Product Liability
[ ] Wrongful Death
[ ] Other General Tort Liability

## ADMINISTRATIVE LAW
[ ] Appeal/Judicial Review of Decision of (select one)
[ ] ABC Board
[ ] Board of Zoning
[ ] Compensation Board
[ ] DMV License Suspension
[ ] Employee Grievance Decision
[ ] Employment Commission
[ ] Local Government
[ ] Marine Resources Commission
[ ] School Board
[ ] Voter Registration
[ ] Other Administrative Appeal

## DOMESTIC/FAMILY
[ ] Adoption
  [ ] Adoption – Foreign
[ ] Adult Protection
[ ] Annulment
  [ ] Annulment – Counterclaim/Responsive Pleading
[ ] Child Abuse and Neglect – Unfounded Complaint
[ ] Civil Contempt
[ ] Divorce (select one)
  [ ] Complaint – Contested*
  [ ] Complaint – Uncontested*
  [ ] Counterclaim/Responsive Pleading
  [ ] Reinstatement – Custody/Visitation/Support/Equitable Distribution
[ ] Separate Maintenance
  [ ] Separate Maintenance Counterclaim

## WRITS
[ ] Certiorari
[ ] Habeas Corpus
[ ] Mandamus
[ ] Prohibition
[ ] Quo Warranto

## PROBATE/WILLS AND TRUSTS
[ ] Accounting
[ ] Aid and Guidance
[ ] Appointment (select one)
  [ ] Guardian/Conservator
  [ ] Standby Guardian/Conservator
  [ ] Custodian/Successor Custodian (UTMA)
[ ] Trust (select one)
  [ ] Impress/Declare/Create
  [ ] Reformation
[ ] Will (select one)
  [ ] Construe
  [ ] Contested

## MISCELLANEOUS
[ ] Amend Death Certificate
[ ] Appointment (select one)
  [ ] Church Trustee
  [ ] Conservator of Peace
  [ ] Marriage Celebrant
[ ] Approval of Transfer of Structured Settlement
[ ] Bond Forfeiture Appeal
[ ] Declaratory Judgment
[ ] Declare Death
[ ] Driving Privileges (select one)
  [ ] Reinstatement pursuant to § 46.2-427
  [ ] Restoration – Habitual Offender or 3rd Offense
[ ] Expungement
[ ] Firearms Rights – Restoration
[ ] Forfeiture of Property or Money
[ ] Freedom of Information
[ ] Injunction
[ ] Interdiction
[ ] Interrogatory
[ ] Judgment Lien-Bill to Enforce
[ ] Law Enforcement/Public Official Petition
[ ] Name Change
[ ] Referendum Elections
[ ] Sever Order
[ ] Taxes (select one)
  [ ] Correct Erroneous State/Local
  [ ] Delinquent
[ ] Vehicle Confiscation
[ ] Voting Rights – Restoration
[ ] Other (please specify)

[x] Damages in the amount of $ 15,000,000.00 .......... are claimed.

12/28/2022 .......... *Michael Reiter* [ ] PLAINTIFF  [ ] DEFENDANT  [x] ATTORNEY FOR  [x] PLAINTIFF
DATE                                                                                    [ ] DEFENDANT

Michael D. Reiter, Esq.
PRINT NAME
6402 Arlington Blvd., Ste. 600, Falls Church, VA 22042
ADDRESS/TELEPHONE NUMBER OF SIGNATOR
703-538-1138

mreiter@chasenboscolo.com
EMAIL ADDRESS OF SIGNATOR (OPTIONAL)

*"Contested" divorce means any of the following matters are in dispute: grounds of divorce, spousal support and maintenance, child custody and/or visitation, child support, property distribution or debt allocation. An "Uncontested" [divorce means the] grounds and none of the above iss[ues are in dispute.]

FORM CC-1416 (MASTER) PAGE ONE 07/16

EXHIBIT A

**VIRGINIA:**

IN THE CIRCUIT COURT FOR FAIRFAX COUNTY

FILED
CIVIL INTAKE
2022 DEC 30 A 11: 54
JOHN T. FREY
CLERK-CIRCUIT COURT
FAIRFAX, VA.

| | |
|---|---|
| THOMAS MONCRIEF | ) |
| | ) |
| **Plaintiff** | ) |
| | ) |
| v. | )  **Case No:** |
| | ) |
| HOME DEPOT U.S.A., INC. | )  **2022   17507** |
| **SERVE:** | ) |
| **Registered Agent CORPORATION SERVICE** | ) |
| **COMPANY** | ) |
| **100 Shockoe Slip, Floor 2** | ) |
| **Richmond, VA 23219** | ) |
| | ) |
| **and** | ) |
| | ) |
| KENNETH MATTHEWSLORD | ) |
| **SERVE:** | ) |
| **5715 63rd Avenue** | ) |
| **Riverdale, MD 20737** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

**COMPLAINT**

COMES NOW Plaintiff, **THOMAS MONCRIEF**, by and through counsel, Michael D.

Reiter, Esq., Michael E. Duncanson, Esq. and ChasenBoscolo Injury Lawyers, and moves this

Court for a Judgment against Defendants **HOME DEPOT U.S.A., INC. and KENNETH**

**MATTHEWSLORD,** jointly and severally, for negligence, agency/vicarious liability, and

negligent entrustment, negligent hiring, and negligent retention for Fifteen Million Dollars

($15,000,000.00) and in support thereof states as follows:

1

1.      On or about May 6, 2021, Thomas Moncrief (hereinafter "Mr. Moncrief") was driving a Ford Transit van traveling northbound on Interstate 495 when he gradually brought his vehicle to a complete stop because traffic in front of him had stopped in Fairfax County, Virginia.

2.      At the same time, place and date, Defendant, Kenneth Matthewslord (hereinafter "Defendant Matthewslord"), was driving a Kenworth truck traveling northbound on Interstate 495 in Fairfax County, Virginia and failed to pay full time and attention and keep a proper lookout, failed to maintain a reasonable speed for conditions at hand, failed to leave a safe following distance and collided with the rear of Mr. Moncrief's vehicle, resulting in severe and permanent injuries to Mr. Moncrief.

3.      At the time of the collision herein described, Defendant Matthewslord was driving the Kenworth truck owned by Defendant Home Depot, for Defendant Home Depot U.S.A., Inc. (hereinafter "Defendant Home Depot") within the scope of his employment and with their permission and consent, and was the agent of Defendant Home Depot.

4.      At the time of the collision herein described, Defendant Home Depot was a business authorized to conduct business in, and did conduct business in, the Commonwealth of Virginia.

5.      At the time of the collision herein described, and upon information and belief, Defendant Matthewslord was an employee and/or agent of Defendant Home Depot.

6.      At the time of the collision herein described, and upon information and belief, Defendant Matthewslord was hired by Defendant Home Depot to drive company owned vehicles within the scope of his employment with Defendant Home Depot.

7.      At the time of the collision herein described, and upon information and belief, Defendant Matthewslord was retained by Defendant Home Depot to drive vehicles for Home Depot within the scope of his employment with Defendant Home Depot.

2

8.      At the time of the collision herein described, and upon information and belief, Defendant Matthewslord was entrusted by Defendant Home Depot to drive vehicles for Defendant Home Depot within the scope of his employment with Defendant Home Depot.

9.      At the time of the collision herein described, and upon information and belief, Defendant Home Depot entrusted Defendant Matthewslord to drive vehicles owned by Defendant Home Depot.

10.     At the time of collision herein described, Defendant Matthewslord was driving the Kenworth truck for Defendant Home Depot within the scope of his employment with Defendant Home Depot and with the permission and consent of Defendant Home Depot.

11.     As a result of the collision herein described, Defendant Matthewslord was charged with following too closely in violation of Virginia Code § 46.2-816.

12.     Prior to the May 6, 2021 collision, Defendant Matthewslord was charged with drinking in a prohibited place in violation of Maryland Code § 19-202 on approximately November 27, 1997.

13.     Prior to the May 6, 2021 collision, Defendant Matthewslord was charged with distributing, possessing with intent to distribute or dispense a controlled dangerous substance in violation of Maryland Code § 5-602(1) on approximately March 20, 1998.

14.     Prior to the May 6, 2021 collision, Defendant Matthewslord was charged with and found guilty of distribution of a controlled substance in violation of Maryland Code § 27-284 on approximately April 15, 1998.

15.     Prior to the May 6, 2021 collision, Defendant Matthewslord was charged with manufacture/distribution/possession of marijuana on approximately April 15, 1998.

3

16.     Prior to the May 6, 2021 collision, Defendant Matthewslord was charged with drinking and causing a disturbance in public in violation of Maryland Code § 19-101 on approximately July 31, 2001.

17.     Prior to the May 6, 2021 collision, Defendant Matthewslord was charged with possessing an open alcoholic beverage on approximately November 26, 2001.

18.     Prior to the May 6, 2021 collision, Defendant Matthewslord was charged with trespassing on posted property in violation of Maryland Code § 27-577 on approximately January 5, 2002.

19.     Prior to the May 6, 2021 collision, Defendant Matthewslord was charged with having an alcoholic beverage in a retail area on approximately January 18, 2002.

20.     Prior to the May 6, 2021 collision, Defendant Matthewslord was charged with theft in violation of Maryland Code § 7-104 on approximately October 1, 2002.

21.     Prior to the May 6, 2021 collision, Defendant Matthewslord was charged with theft in violation of Maryland Code § 27-342 on approximately October 15, 2002.

22.     Prior to the May 6, 2021 collision, Defendant Matthewslord was charged with second degree assault in violation of Maryland Code § 3-203 on approximately March 7, 2003.

23.     Prior to the May 6, 2021 collision, Defendant Matthewslord was charged with theft of less than $500.00 in violation of Maryland Code § 7-104 on approximately March 7, 2003.

24.     Prior to the May 6, 2021 collision, Defendant Matthewslord was charged with trespassing in violation of Maryland Code § 27-576 on approximately April 10, 2003.

25.     Prior to the May 6, 2021 collision, Defendant Matthewslord was charged with second degree assault in violation of Maryland Code § 3-203 on approximately April 10, 2003.

4

26.    Prior to the May 6, 2021 collision, Defendant Matthewslord was charged with theft under $500.00 in violation of Maryland Code § 7-104 on approximately April 10, 2003.

27.    Prior to the May 6, 2021 collision, Defendant Matthewslord was charged with theft in violation of Maryland Code § 27-342 on approximately April 10, 2003.

28.    Prior to the May 6, 2021 collision, Defendant Matthewslord was charged with possession of paraphernalia in violation of Maryland Code § 5-619 on approximately May 18, 2006.

29.    Prior to the May 6, 2021 collision, Defendant Matthewslord was charged with forgery in violation of Virginia Code § 18.2-172 on approximately August 28, 2007.

30.    Prior to the May 6, 2021 collision, Defendant Matthewslord was charged with being a fugitive from justice on approximately September 26, 2007.

31.    Prior to the May 6, 2021 collision, Defendant Matthewslord was charged with theft of less than $100.00 in violation of Maryland Code § 7-104 on approximately December 20, 2008.

32.    Prior to the May 6, 2021 collision, Defendant Matthewslord was charged with and plead guilty to theft of less than $500.00 in violation of Maryland Code § 7-104 on approximately December 20, 2008.

33.    Prior to the May 6, 2021 collision, Defendant Matthewslord was charged with theft of less than $1,000.00 in violation of Maryland Code § 7-104 on approximately December 20, 2008.

34.    Prior to the May 6, 2021 collision, Defendant Matthewslord was charged with possession of paraphernalia in violation of Maryland Code § 5-619(c)(1) on approximately January 17, 2009.

Case 1:23-cv-00220-AJT-JFA    Document 1-1    Filed 02/17/23    Page 7 of 68 PageID# 11

35.     Prior to the May 6, 2021 collision, Defendant Matthewslord was charged with and plead guilty to theft of valuables of $500.00 or over in violation of Maryland Code § 7-104 on approximately February 10, 2009.

36.     Prior to the May 6, 2021 collision, Defendant Matthewslord was charged with being a fugitive from justice on approximately February 10, 2009.

37.     Prior to the May 6, 2021 collision, Defendant Matthewslord was charged with and plead guilty to theft of valuables of less than $500.00 in violation of Maryland Code § 7-104 on approximately February 24, 2009.

38.     Prior to the May 6, 2021 collision, Defendant Matthewslord was charged with and plead guilty to theft of valuables of $100.00 or less in violation of Maryland Code § 7-104(g)(3) on approximately February 24, 2009.

39.     Prior to the May 6, 2021 collision, Defendant Matthewslord was charged with theft of over $500.00 on approximately July 6, 2009.

40.     Prior to the May 6, 2021 collision, Defendant Matthewslord was charged with and plead guilty to having an open container (alcoholic beverage) in public and causing a disturbance in violation of Maryland Code § 19-301 on approximately July 6, 2009.

41.     Prior to the May 6, 2021 collision, Defendant Matthewslord was charged with theft of less than $500.00 in violation of Maryland Code § 7-104 on approximately July 6, 2009.

42.     Prior to the May 6, 2021 collision, Defendant Matthewslord was charged with being a fugitive from justice on approximately August 29, 2009.

43.     Prior to the May 6, 2021 collision, Defendant Matthewslord was charged with being a fugitive from justice on approximately March 4, 2010.

44.    Prior to the May 6, 2021 collision, Defendant Matthewslord was charged with and plead guilty for theft of less than $1,000.00 in violation of Maryland Code § 7-104 on approximately September 28, 2010

45.    Prior to the May 6, 2021 collision, Defendant Matthewslord was charged with tresspassing in violation of Maryland Code § 6-402 on approximately March 17, 2011.

46.    Prior to the May 6, 2021 collision, Defendant Matthewslord was charged with  and plead guilty to fourth degree burglary in violation of Maryland Code § 6-205 on approximately March 17, 2011.

47.    Prior to the May 6, 2021 collision, Defendant Matthewslord was charged with fourth degree burlary of a dwelling in violation of Maryland Code § 6-205 on approximately January 12, 2012.

48.    Prior to the May 6, 2021 collision, Defendant Matthewslord was charged with trespassing on posted property in violation of Maryland Code § 6-402 on approximately January 12, 2012.

49.    Prior to the May 6, 2021 collision, Defendant Matthewslord was charged with manufacturing/distributing narcotics on approximately November 20, 2012.

50.    Prior to the May 6, 2021 collision, Defendant Matthewslord was charged with failure to obey a highway sign in violation of Virginia Code § 46.2-830 on approximately September 3, 2019.

51.    At the time of the collision herein described, Defendant Home Depot knew or should have known Defendant Matthewslord was charged with drinking in a prohibited place in violation of Maryland Code § 19-202 on approximately November 27, 1997.

7

52.    At the time of the collision herein described, Defendant Home Depot knew or should have known Defendant Matthewslord was charged with distributing, possessing with intent to distribute or dispense a controlled dangerous substance in violation of Maryland Code § 5-602(1) on approximately March 20, 1998.

53.    At the time of the collision herein described, Defendant Home Depot knew or should have known Defendant Matthewslord was charged with and found guilty of distribution of a controlled substance in violation of Maryland Code § 27-284 on approximately April 15, 1998.

54.    At the time of the collision herein described, Defendant Home Depot knew or should have known Defendant Matthewslord was charged with manufacture/distribution/possession of marijuana on approximately April 15, 1998.

55.    At the time of the collision herein described, Defendant Home Depot knew or should have known Defendant Matthewslord was charged with drinking and causing a disturbance in public in violation of Maryland Code § 19-101 on approximately July 31, 2001.

56.    At the time of the collision herein described, Defendant Home Depot knew or should have known Defendant Matthewslord was charged with possessing an open alcoholic beverage on approximately November 26, 2001.

57.    At the time of the collision herein described, Defendant Home Depot knew or should have known Defendant Matthewslord was charged with trespassing on posted property in violation of Maryland Code § 27-577 on approximately January 5, 2002.

58.    At the time of the collision herein described, Defendant Home Depot knew or should have known Defendant Matthewslord was charged with having an alcoholic beverage in a retail area on approximately January 18, 2002.

59.     At the time of the collision herein described, Defendant Home Depot knew or should have known Defendant Matthewslord was charged with theft in violation of Maryland Code § 7-104 on approximately October 1, 2002.

60.     At the time of the collision herein described, Defendant Home Depot knew or should have known Defendant Matthewslord was charged with theft in violation of Maryland Code § 27-342 on approximately October 15, 2002.

61.     At the time of the collision herein described, Defendant Home Depot knew or should have known Defendant Matthewslord was charged with second degree assault in violation of Maryland Code § 3-203 on approximately March 7, 2003.

62.     At the time of the collision herein described, Defendant Home Depot knew or should have known Defendant Matthewslord was charged with theft of less than $500.00 in violation of Maryland Code § 7-104 on approximately March 7, 2003.

63.     At the time of the collision herein described, Defendant Home Depot knew or should have known Defendant Matthewslord was charged with trespassing in violation of Maryland Code § 27-576 on approximately April 10, 2003.

64.     At the time of the collision herein described, Defendant Home Depot knew or should have known Defendant Matthewslord was charged with second degree assault in violation of Maryland Code § 3-203 on approximately April 10, 2003.

65.     At the time of the collision herein described, Defendant Home Depot knew or should have known Defendant Matthewslord was charged with theft under $500.00 in violation of Maryland Code § 7-104 on approximately April 10, 2003.

66. At the time of the collision herein described, Defendant Home Depot knew or should have known Defendant Matthewslord was charged with theft in violation of Maryland Code § 27-342 on approximately April 10, 2003.

67. At the time of the collision herein described, Defendant Home Depot knew or should have known Defendant Matthewslord was charged with possession of paraphernalia in violation of Maryland Code § 5-619 on approximately May 18, 2006.

68. At the time of the collision herein described, Defendant Home Depot knew or should have known Defendant Matthewslord was charged with forgery in violation of Virginia Code § 18.2-172 on approximately August 28, 2007.

69. At the time of the collision herein described, Defendant Home Depot knew or should have known Defendant Matthewslord was charged with being a fugitive from justice on approximately September 26, 2007.

70. At the time of the collision herein described, Defendant Home Depot knew or should have known Defendant Matthewslord was charged with theft of less than $100.00 in violation of Maryland Code § 7-104 on approximately December 20, 2008.

71. At the time of the collision herein described, Defendant Home Depot knew or should have known Defendant Matthewslord was charged with and plead guilty to theft of less than $500.00 in violation of Maryland Code § 7-104 on approximately December 20, 2008.

72. At the time of the collision herein described, Defendant Home Depot knew or should have known Defendant Matthewslord was charged with theft of less than $1,000.00 in violation of Maryland Code § 7-104 on approximately December 20, 2008.

73.     At the time of the collision herein described, Defendant Home Depot knew or should have known Defendant Matthewslord was charged with possession of paraphernalia in violation of Maryland Code § 5-619(c)(1) on approximately January 17, 2009.

74.     At the time of the collision herein described, Defendant Home Depot knew or should have known Defendant Matthewslord was charged with and plead guilty to theft of valuables of $500.00 or over in violation of Maryland Code § 7-104 on approximately February 10, 2009.

75.     At the time of the collision herein described, Defendant Home Depot knew or should have known Defendant Matthewslord was charged with being a fugitive from justice on approximately February 10, 2009.

76.     At the time of the collision herein described, Defendant Home Depot knew or should have known Defendant Matthewslord was charged with and plead guilty to theft of valuables of less than $500.00 in violation of Maryland Code § 7-104 on approximately February 24, 2009.

77.     At the time of the collision herein described, Defendant Home Depot knew or should have known Defendant Matthewslord was charged with and plead guilty to theft of valuables of $100.00 or less in violation of Maryland Code § 7-104(g)(3) on approximately February 24, 2009.

78.     At the time of the collision herein described, Defendant Home Depot knew or should have known Defendant Matthewslord was charged with theft of over $500.00 on approximately July 6, 2009.

79.     At the time of the collision herein described, Defendant Home Depot knew or should have known Defendant Matthewslord was charged with and plead guilty to having an open

11

container (alcoholic beverage) in public and causing a disturbance in violation of Maryland Code § 19-301 on approximately July 6, 2009.

80.    At the time of the collision herein described, Defendant Home Depot knew or should have known Defendant Matthewslord was charged with theft of less than $500.00 in violation of Maryland Code § 7-104 on approximately July 6, 2009.

81.    At the time of the collision herein described, Defendant Home Depot knew or should have known Defendant Matthewslord was charged with being a fugitive from justice on approximately August 29, 2009.

82.    At the time of the collision herein described, Defendant Home Depot knew or should have known Defendant Matthewslord was charged with being a fugitive from justice on approximately March 4, 2010.

83.    At the time of the collision herein described, Defendant Home Depot knew or should have known Defendant Matthewslord was charged with and plead guilty for theft of less than $1,000.00 in violation of Maryland Code § 7-104 on approximately September 28, 2010

84.    At the time of the collision herein described, Defendant Home Depot knew or should have known Defendant Matthewslord was charged with tresspassing in violation of Maryland Code § 6-402 on approximately March 17, 2011.

85.    At the time of the collision herein described, Defendant Home Depot knew or should have known Defendant Matthewslord was charged with  and plead guilty to fourth degree burglary in violation of Maryland Code § 6-205 on approximately March 17, 2011.

86.    At the time of the collision herein described, Defendant Home Depot knew or should have known Defendant Matthewslord was charged with fourth degree burlary of a dwelling in violation of Maryland Code § 6-205 on approximately January 12, 2012.

12

87.    At the time of the collision herein described, Defendant Home Depot knew or should have known Defendant Matthewslord was charged with trespassing on posted property in violation of Maryland Code § 6-402 on approximately January 12, 2012.

88.    At the time of the collision herein described, Defendant Home Depot knew or should have known Defendant Matthewslord was charged with manufacturing/distributing narcotics on approximately November 20, 2012.

89.    At the time of the collision herein described, Defendant Home Depot knew or should have known Defendant Matthewslord was charged with failure to obey a highway sign in violation of Virginia Code § 46.2-830 on approximately September 3, 2019.

90.    It is Defendant Matthewslord's duty to follow all traffic safety rules in effect.

91.    It is Defendant Matthewslord's duty to pay full time and attention and watch the and see other vehicles on or near the roadway who were there to be seen.

92.    It is Defendant Matthewslord's duty to avoid being distracted while driving.

93.    It is Defendant Matthewslord's duty to keep a proper lookout.

94.    It is Defendant Matthewslord's duty to react to changing traffic patterns.

95.    It is Defendant Matthewslord's duty to pay full time and attention to the operation of his motor vehicle.

96.    It is Defendant Matthewslord's duty to yield the right of way to vehicles lawfully on the roadway.

97.    It is Defendant Matthewslord's duty to operate his vehicle at a speed to ensure that it would not strike other vehicles on the roadway.

98.    It is Defendant Matthewslord's duty to avoid striking other vehicles on the roadway.

99.     It is Defendant Matthewslord's duty to control his vehicle.

100.    It is Defendant Matthewslord's duty to leave a safe following distance to avoid colliding with other vehicles on the roadway.

101.    The collision occurred as a result of Defendant Matthewslord's failure to follow all traffic safety rules in effect.

102.    The collision occurred as a result of Defendant Matthewslord's failure to pay full time and attention and watch the road and see other vehicles on or near the roadway who were there to be seen.

103.    The collision occurred as a result of Defendant Matthewslord's failure not to be distracted while driving.

104.    The collision occurred as a result of Defendant Matthewslord's failure to keep a proper lookout.

105.    The collision occurred as a result of Defendant Matthewslord's failure to react to changing traffic patterns.

106.    The collision occurred as a result of Defendant Matthewslord's failure to pay full time and attention to the operation of the motor vehicle he was driving.

107.    The collision occurred as a result of Defendant Matthewslord's failure to yield the right of way to vehicles lawfully on the roadway.

108.    The collision occurred as a result of Defendant Matthewslord's failure to operate his vehicle at a speed to ensure that it would not strike other vehicles on the roadway.

109.    The collision occurred as a result of Defendant Matthewslord's failure to avoid striking other vehicles on the roadway.

110.    The collision occurred as a result of Defendant Matthewslord's failure to control his vehicle.

111.    The collision occurred as a result of Defendant Matthewslord's following too closely and failure to leave a safe following distance to avoid colliding with other vehicles on the roadway.

112.    At the time of the collision Defendant Home Depot had a duty to ensure only fit and safe drivers were permitted to drive their company vehicles.

113.    At the time of the collision Defendant Home Depot had a duty to investigate Defendant Matthewslord's past driving and criminal history for unfitness before being allowed to operate company vehicles.

114.    At the time of the collision Defendant Home Depot had a continuing duty to investigate Defendant Matthewslord's past driving and criminal history for unfitness as a driver of company vehicles.

115.    At the time of the collision Defendant Home Depot had a duty to ensure Defendant Matthewslord would drive safely in the scope of his employment with Defendant Home Depot.

116.    At the time of the collision Defendant Home Depot had a duty to ensure Defendant Matthewslord would not injure others when driving company vehicles in the scope of his employment with Defendant Home Depot.

117.    At the time of the collision Defendant Home Depot had a duty to refrain from hiring unsafe drivers that have a propensity to injure others on the road.

118.    At the time of the collision Defendant Home Depot had a duty to refrain from retaining unsafe drivers that have a propensity to injure others on the road.

119. The collision occurred because Defendant Home Depot breached these duties by allowing an unfit and unsafe driver in Defendant Matthewslord to operate company vehicles.

120. The collision occurred because Defendant Home Depot breached these duties by failing to investigate Defendant Matthewslord's prior driving and criminal history before allowing him to operate company vehicles in the scope of his employment.

121. The collision occurred because Defendant Home Depot breached these duties by failing to periodically investigate Defendant Matthewslord's driving and criminal history while he was allowed to operate company vehicles.

122. The collision occurred because Defendant Home Depot breached these duties by failing to ensure Defendant Matthewslord would drive company vehicles safely in the course of his employment with Defendant Home Depot.

123. The collision occurred because Defendant Home Depot breached these duties by failing to ensure Defendant Matthewslord would not injure others while driving company vehicles in the course of his employment with Defendant Home Depot.

124. The collision occurred because Defendant Home Depot breached these duties by choosing to hire Defendant Matthewslord despite his extensive unsafe past driving and criminal history and known propensities to injure others while driving company vehicles.

125. The collision occurred because Defendant Home Depot breached these duties by choosing to retain Defendant Matthewslord despite his extensive unsafe past driving and criminal history and known propensities to injure others while driving company vehicles.

126. The collision occurred because Defendant Home Depot breached these duties by choosing to entrust a company vehicle to Defendant Matthewslord despite his extensive unsafe

past driving and criminal history and known propensities to injure others while driving company vehicles.

127.    The collision occurred because Defendant Home Depot breached these duties by choosing to hire Defendant Matthewslord to drive a company vehicle despite having known or should have known that he was charged with drinking in a prohibited place in violation of Maryland Code § 19-202 on approximately November 27, 1997.

128.    The collision occurred because Defendant Home Depot breached these duties by choosing to hire Defendant Matthewslord to drive a company vehicle despite having known or should have known that he was charged with distributing, possessing with intent to distribute or dispense a controlled dangerous substance in violation of Maryland Code § 5-602(1) on approximately March 20, 1998.

129.    The collision occurred because Defendant Home Depot breached these duties by choosing to hire Defendant Matthewslord to drive a company vehicle despite having known or should have known that he was charged with and found guilty of distribution of a controlled substance in violation of Maryland Code § 27-284 on approximately April 15, 1998.

130.    The collision occurred because Defendant Home Depot breached these duties by choosing to hire Defendant Matthewslord to drive a company vehicle despite having known or should have known that he was charged with manufacture/distribution/possession of marijuana on approximately April 15, 1998.

131.    The collision occurred because Defendant Home Depot breached these duties by choosing to hire Defendant Matthewslord to drive a company vehicle despite having known or should have known that he was charged with drinking and causing a disturbance in public in violation of Maryland Code § 19-101 on approximately July 31, 2001.

17

132.    The collision occurred because Defendant Home Depot breached these duties by choosing to hire Defendant Matthewslord to drive a company vehicle despite having known or should have known that he was charged with possessing an open alcoholic beverage on approximately November 26, 2001.

133.    The collision occurred because Defendant Home Depot breached these duties by choosing to hire Defendant Matthewslord to drive a company vehicle despite having known or should have known that he was charged with trespassing on posted property in violation of Maryland Code § 27-577 on approximately January 5, 2002.

134.    The collision occurred because Defendant Home Depot breached these duties by choosing to hire Defendant Matthewslord to drive a company vehicle despite having known or should have known that he was charged with having an alcoholic beverage in a retail area on approximately January 18, 2002.

135.    The collision occurred because Defendant Home Depot breached these duties by choosing to hire Defendant Matthewslord to drive a company vehicle despite having known or should have known that he was charged with theft in violation of Maryland Code § 7-104 on approximately October 1, 2002.

136.    The collision occurred because Defendant Home Depot breached these duties by choosing to hire Defendant Matthewslord to drive a company vehicle despite having known or should have known that he was charged with theft in violation of Maryland Code § 27-342 on approximately October 15, 2002.

137.    The collision occurred because Defendant Home Depot breached these duties by choosing to hire Defendant Matthewslord to drive a company vehicle despite having known or

18

should have known that he was charged with second degree assault in violation of Maryland Code § 3-203 on approximately March 7, 2003.

138.    The collision occurred because Defendant Home Depot breached these duties by choosing to hire Defendant Matthewslord to drive a company vehicle despite having known or should have known that he was charged with theft of less than $500.00 in violation of Maryland Code § 7-104 on approximately March 7, 2003.

139.    The collision occurred because Defendant Home Depot breached these duties by choosing to hire Defendant Matthewslord to drive a company vehicle despite having known or should have known that he was charged with trespassing in violation of Maryland Code § 27-576 on approximately April 10, 2003.

140.    The collision occurred because Defendant Home Depot breached these duties by choosing to hire Defendant Matthewslord to drive a company vehicle despite having known or should have known that he was charged with second degree assault in violation of Maryland Code § 3-203 on approximately April 10, 2003.

141.    The collision occurred because Defendant Home Depot breached these duties by choosing to hire Defendant Matthewslord to drive a company vehicle despite having known or should have known that he was charged with theft under $500.00 in violation of Maryland Code § 7-104 on approximately April 10, 2003.

142.    The collision occurred because Defendant Home Depot breached these duties by choosing to hire Defendant Matthewslord to drive a company vehicle despite having known or should have known that he was charged with theft in violation of Maryland Code § 27-342 on approximately April 10, 2003.

143.    The collision occurred because Defendant Home Depot breached these duties by choosing to hire Defendant Matthewslord to drive a company vehicle despite having known or should have known that he was charged with possession of paraphernalia in violation of Maryland Code § 5-619 on approximately May 18, 2006.

144.    The collision occurred because Defendant Home Depot breached these duties by choosing to hire Defendant Matthewslord to drive a company vehicle despite having known or should have known that he was charged with forgery in violation of Virginia Code § 18.2-172 on approximately August 28, 2007.

145.    The collision occurred because Defendant Home Depot breached these duties by choosing to hire Defendant Matthewslord to drive a company vehicle despite having known or should have known that he was charged with being a fugitive from justice on approximately September 26, 2007.

146.    The collision occurred because Defendant Home Depot breached these duties by choosing to hire Defendant Matthewslord to drive a company vehicle despite having known or should have known that he was charged with theft of less than $100.00 in violation of Maryland Code § 7-104 on approximately December 20, 2008.

147.    The collision occurred because Defendant Home Depot breached these duties by choosing to hire Defendant Matthewslord to drive a company vehicle despite having known or should have known that he was charged with and plead guilty to theft of less than $500.00 in violation of Maryland Code § 7-104 on approximately December 20, 2008.

148.    The collision occurred because Defendant Home Depot breached these duties by choosing to hire Defendant Matthewslord to drive a company vehicle despite having known or

should have known that he was charged with theft of less than $1,000.00 in violation of Maryland
Code § 7-104 on approximately December 20, 2008.

149.    The collision occurred because Defendant Home Depot breached these duties by
choosing to hire Defendant Matthewslord to drive a company vehicle despite having known or
should have known that he was charged with possession of paraphernalia in violation of Maryland
Code § 5-619(c)(1) on approximately January 17, 2009.

150.    The collision occurred because Defendant Home Depot breached these duties by
choosing to hire Defendant Matthewslord to drive a company vehicle despite having known or
should have known that he was charged with and plead guilty to theft of valuables of $500.00 or
over in violation of Maryland Code § 7-104 on approximately February 10, 2009.

151.    The collision occurred because Defendant Home Depot breached these duties by
choosing to hire Defendant Matthewslord to drive a company vehicle despite having known or
should have known that he was charged with being a fugitive from justice on approximately
February 10, 2009.

152.    The collision occurred because Defendant Home Depot breached these duties by
choosing to hire Defendant Matthewslord to drive a company vehicle despite having known or
should have known that he was charged with and plead guilty to theft of valuables of less than
$500.00 in violation of Maryland Code § 7-104 on approximately February 24, 2009.

153.    The collision occurred because Defendant Home Depot breached these duties by
choosing to hire Defendant Matthewslord to drive a company vehicle despite having known or
should have known that he was charged with and plead guilty to theft of valuables of $100.00 or
less in violation of Maryland Code § 7-104(g)(3) on approximately February 24, 2009.

21

154.    The collision occurred because Defendant Home Depot breached these duties by choosing to hire Defendant Matthewslord to drive a company vehicle despite having known or should have known that he was charged with theft of over $500.00 on approximately July 6, 2009.

155.    The collision occurred because Defendant Home Depot breached these duties by choosing to hire Defendant Matthewslord to drive a company vehicle despite having known or should have known that he was charged with and plead guilty to having an open container (alcoholic beverage) in public and causing a disturbance in violation of Maryland Code § 19-301 on approximately July 6, 2009.

156.    The collision occurred because Defendant Home Depot breached these duties by choosing to hire Defendant Matthewslord to drive a company vehicle despite having known or should have known that he was charged with theft of less than $500.00 in violation of Maryland Code § 7-104 on approximately July 6, 2009.

157.    The collision occurred because Defendant Home Depot breached these duties by choosing to hire Defendant Matthewslord to drive a company vehicle despite having known or should have known that he was charged with being a fugitive from justice on approximately August 29, 2009.

158.    The collision occurred because Defendant Home Depot breached these duties by choosing to hire Defendant Matthewslord to drive a company vehicle despite having known or should have known that he was charged with being a fugitive from justice on approximately March 4, 2010.

159.    The collision occurred because Defendant Home Depot breached these duties by choosing to hire Defendant Matthewslord to drive a company vehicle despite having known or

should have known that he was charged with and plead guilty for theft of less than $1,000.00 in violation of Maryland Code § 7-104 on approximately September 28, 2010

160.    The collision occurred because Defendant Home Depot breached these duties by choosing to hire Defendant Matthewslord to drive a company vehicle despite having known or should have known that he was charged with tresspassing in violation of Maryland Code § 6-402 on approximately March 17, 2011.

161.    The collision occurred because Defendant Home Depot breached these duties by choosing to hire Defendant Matthewslord to drive a company vehicle despite having known or should have known that he was charged with and plead guilty to fourth degree burglary in violation of Maryland Code § 6-205 on approximately March 17, 2011.

162.    The collision occurred because Defendant Home Depot breached these duties by choosing to hire Defendant Matthewslord to drive a company vehicle despite having known or should have known that he was charged with fourth degree burlary of a dwelling in violation of Maryland Code § 6-205 on approximately January 12, 2012.

163.    The collision occurred because Defendant Home Depot breached these duties by choosing to hire Defendant Matthewslord to drive a company vehicle despite having known or should have known that he was charged with trespassing on posted property in violation of Maryland Code § 6-402 on approximately January 12, 2012.

164.    The collision occurred because Defendant Home Depot breached these duties by choosing to hire Defendant Matthewslord to drive a company vehicle despite having known or should have known that he was charged with manufacturing/distributing narcotics on approximately November 20, 2012.

165.    The collision occurred because Defendant Home Depot breached these duties by choosing to hire Defendant Matthewslord to drive a company vehicle despite having known or should have known that he was charged with failure to obey a highway sign in violation of Virginia Code § 46.2-830 on approximately September 3, 2019.

166.    The collision occurred because Defendant Home Depot breached these duties by choosing to retain Defendant Matthewslord to drive a company vehicle despite having known or should have known that he was charged with drinking in a prohibited place in violation of Maryland Code § 19-202 on approximately November 27, 1997.

167.    The collision occurred because Defendant Home Depot breached these duties by choosing to retain Defendant Matthewslord to drive a company vehicle despite having known or should have known that he was charged with distributing, possessing with intent to distribute or dispense a controlled dangerous substance in violation of Maryland Code § 5-602(1) on approximately March 20, 1998.

168.    The collision occurred because Defendant Home Depot breached these duties by choosing to retain Defendant Matthewslord to drive a company vehicle despite having known or should have known that he was charged with and found guilty of distribution of a controlled substance in violation of Maryland Code § 27-284 on approximately April 15, 1998.

169.    The collision occurred because Defendant Home Depot breached these duties by choosing to retain Defendant Matthewslord to drive a company vehicle despite having known or should have known that he was charged with manufacture/distribution/possession of marijuana on approximately April 15, 1998.

170.    The collision occurred because Defendant Home Depot breached these duties by choosing to retain Defendant Matthewslord to drive a company vehicle despite having known or

should have known that he was charged with drinking and causing a disturbance in public in violation of Maryland Code § 19-101 on approximately July 31, 2001.

171.   The collision occurred because Defendant Home Depot breached these duties by choosing to retain Defendant Matthewslord to drive a company vehicle despite having known or should have known that he was charged with possessing an open alcoholic beverage on approximately November 26, 2001.

172.   The collision occurred because Defendant Home Depot breached these duties by choosing to retain Defendant Matthewslord to drive a company vehicle despite having known or should have known that he was charged with trespassing on posted property in violation of Maryland Code § 27-577 on approximately January 5, 2002.

173.   The collision occurred because Defendant Home Depot breached these duties by choosing to retain Defendant Matthewslord to drive a company vehicle despite having known or should have known that he was charged with having an alcoholic beverage in a retail area on approximately January 18, 2002.

174.   The collision occurred because Defendant Home Depot breached these duties by choosing to retain Defendant Matthewslord to drive a company vehicle despite having known or should have known that he was charged with theft in violation of Maryland Code § 7-104 on approximately October 1, 2002.

175.   The collision occurred because Defendant Home Depot breached these duties by choosing to retain Defendant Matthewslord to drive a company vehicle despite having known or should have known that he was charged with theft in violation of Maryland Code § 27-342 on approximately October 15, 2002.

25

176.    The collision occurred because Defendant Home Depot breached these duties by choosing to retain Defendant Matthewslord to drive a company vehicle despite having known or should have known that he was charged with second degree assault in violation of Maryland Code § 3-203 on approximately March 7, 2003.

177.    The collision occurred because Defendant Home Depot breached these duties by choosing to retain Defendant Matthewslord to drive a company vehicle despite having known or should have known that he was charged with theft of less than $500.00 in violation of Maryland Code § 7-104 on approximately March 7, 2003.

178.    The collision occurred because Defendant Home Depot breached these duties by choosing to retain Defendant Matthewslord to drive a company vehicle despite having known or should have known that he was charged with trespassing in violation of Maryland Code § 27-576 on approximately April 10, 2003.

179.    The collision occurred because Defendant Home Depot breached these duties by choosing to retain Defendant Matthewslord to drive a company vehicle despite having known or should have known that he was charged with second degree assault in violation of Maryland Code § 3-203 on approximately April 10, 2003.

180.    The collision occurred because Defendant Home Depot breached these duties by choosing to retain Defendant Matthewslord to drive a company vehicle despite having known or should have known that he was charged with theft under $500.00 in violation of Maryland Code § 7-104 on approximately April 10, 2003.

181.    The collision occurred because Defendant Home Depot breached these duties by choosing to retain Defendant Matthewslord to drive a company vehicle despite having known or

should have known that he was charged with theft in violation of Maryland Code § 27-342 on approximately April 10, 2003.

182.   The collision occurred because Defendant Home Depot breached these duties by choosing to retain Defendant Matthewslord to drive a company vehicle despite having known or should have known that he was charged with possession of paraphernalia in violation of Maryland Code § 5-619 on approximately May 18, 2006.

183.   The collision occurred because Defendant Home Depot breached these duties by choosing to retain Defendant Matthewslord to drive a company vehicle despite having known or should have known that he was charged with forgery in violation of Virginia Code § 18.2-172 on approximately August 28, 2007.

184.   The collision occurred because Defendant Home Depot breached these duties by choosing to retain Defendant Matthewslord to drive a company vehicle despite having known or should have known that he was charged with being a fugitive from justice on approximately September 26, 2007.

185.   The collision occurred because Defendant Home Depot breached these duties by choosing to retain Defendant Matthewslord to drive a company vehicle despite having known or should have known that he was charged with theft of less than $100.00 in violation of Maryland Code § 7-104 on approximately December 20, 2008.

186.   The collision occurred because Defendant Home Depot breached these duties by choosing to retain Defendant Matthewslord to drive a company vehicle despite having known or should have known that he was charged with and plead guilty to theft of less than $500.00 in violation of Maryland Code § 7-104 on approximately December 20, 2008.

187.    The collision occurred because Defendant Home Depot breached these duties by choosing to retain Defendant Matthewslord to drive a company vehicle despite having known or should have known that he was charged with theft of less than $1,000.00 in violation of Maryland Code § 7-104 on approximately December 20, 2008.

188.    The collision occurred because Defendant Home Depot breached these duties by choosing to retain Defendant Matthewslord to drive a company vehicle despite having known or should have known that he was charged with possession of paraphernalia in violation of Maryland Code § 5-619(c)(1) on approximately January 17, 2009.

189.    The collision occurred because Defendant Home Depot breached these duties by choosing to retain Defendant Matthewslord to drive a company vehicle despite having known or should have known that he was charged with and plead guilty to theft of valuables of $500.00 or over in violation of Maryland Code § 7-104 on approximately February 10, 2009.

190.    The collision occurred because Defendant Home Depot breached these duties by choosing to retain Defendant Matthewslord to drive a company vehicle despite having known or should have known that he was charged with being a fugitive from justice on approximately February 10, 2009.

191.    The collision occurred because Defendant Home Depot breached these duties by choosing to retain Defendant Matthewslord to drive a company vehicle despite having known or should have known that he was charged with and plead guilty to theft of valuables of less than $500.00 in violation of Maryland Code § 7-104 on approximately February 24, 2009.

192.    The collision occurred because Defendant Home Depot breached these duties by choosing to retain Defendant Matthewslord to drive a company vehicle despite having known or

28

should have known that he was charged with and plead guilty to theft of valuables of $100.00 or less in violation of Maryland Code § 7-104(g)(3) on approximately February 24, 2009.

193.    The collision occurred because Defendant Home Depot breached these duties by choosing to retain Defendant Matthewslord to drive a company vehicle despite having known or should have known that he was charged with theft of over $500.00 on approximately July 6, 2009.

194.    The collision occurred because Defendant Home Depot breached these duties by choosing to retain Defendant Matthewslord to drive a company vehicle despite having known or should have known that he was charged with and plead guilty to having an open container (alcoholic beverage) in public and causing a disturbance in violation of Maryland Code § 19-301 on approximately July 6, 2009.

195.    The collision occurred because Defendant Home Depot breached these duties by choosing to retain Defendant Matthewslord to drive a company vehicle despite having known or should have known that he was charged with theft of less than $500.00 in violation of Maryland Code § 7-104 on approximately July 6, 2009.

196.    The collision occurred because Defendant Home Depot breached these duties by choosing to retain Defendant Matthewslord to drive a company vehicle despite having known or should have known that he was charged with being a fugitive from justice on approximately August 29, 2009.

197.    The collision occurred because Defendant Home Depot breached these duties by choosing to retain Defendant Matthewslord to drive a company vehicle despite having known or should have known that he was charged with being a fugitive from justice on approximately March 4, 2010.

198.    The collision occurred because Defendant Home Depot breached these duties by
choosing to retain Defendant Matthewslord to drive a company vehicle despite having known or
should have known that he was charged with and plead guilty for theft of less than $1,000.00 in
violation of Maryland Code § 7-104 on approximately September 28, 2010

199.    The collision occurred because Defendant Home Depot breached these duties by
choosing to retain Defendant Matthewslord to drive a company vehicle despite having known or
should have known that he was charged with tresspassing in violation of Maryland Code § 6-402
on approximately March 17, 2011.

200.    The collision occurred because Defendant Home Depot breached these duties by
choosing to retain Defendant Matthewslord to drive a company vehicle despite having known or
should have known that he was charged with  and plead guilty to fourth degree burglary in violation
of Maryland Code § 6-205 on approximately March 17, 2011.

201.    The collision occurred because Defendant Home Depot breached these duties by
choosing to retain Defendant Matthewslord to drive a company vehicle despite having known or
should have known that he was charged with fourth degree burlary of a dwelling in violation of
Maryland Code § 6-205 on approximately January 12, 2012.

202.    The collision occurred because Defendant Home Depot breached these duties by
choosing to retain Defendant Matthewslord to drive a company vehicle despite having known or
should have known that he was charged with trespassing on posted property in violation of
Maryland Code § 6-402 on approximately January 12, 2012.

203.    The collision occurred because Defendant Home Depot breached these duties by
choosing to retain Defendant Matthewslord to drive a company vehicle despite having known or

should have known that he was charged with manufacturing/distributing narcotics on approximately November 20, 2012.

204.    The collision occurred because Defendant Home Depot breached these duties by choosing to retain Defendant Matthewslord to drive a company vehicle despite having known or should have known that he was charged with failure to obey a highway sign in violation of Virginia Code § 46.2-830 on approximately September 3, 2019.

205.    The collision occurred because Defendant Home Depot breached these duties by choosing to entrust Defendant Matthewslord to drive a company vehicle despite having known or should have known that he was charged with drinking in a prohibited place in violation of Maryland Code § 19-202 on approximately November 27, 1997.

206.    The collision occurred because Defendant Home Depot breached these duties by choosing to entrust Defendant Matthewslord to drive a company vehicle despite having known or should have known that he was charged with distributing, possessing with intent to distribute or dispense a controlled dangerous substance in violation of Maryland Code § 5-602(1) on approximately March 20, 1998.

207.    The collision occurred because Defendant Home Depot breached these duties by choosing to entrust Defendant Matthewslord to drive a company vehicle despite having known or should have known that he was charged with and found guilty of distribution of a controlled substance in violation of Maryland Code § 27-284 on approximately April 15, 1998.

208.    The collision occurred because Defendant Home Depot breached these duties by choosing to entrust Defendant Matthewslord to drive a company vehicle despite having known or should have known that he was charged with manufacture/distribution/possession of marijuana on approximately April 15, 1998.

31

209.     The collision occurred because Defendant Home Depot breached these duties by choosing to entrust Defendant Matthewslord to drive a company vehicle despite having known or should have known that he was charged with drinking and causing a disturbance in public in violation of Maryland Code § 19-101 on approximately July 31, 2001.

210.     The collision occurred because Defendant Home Depot breached these duties by choosing to entrust Defendant Matthewslord to drive a company vehicle despite having known or should have known that he was charged with possessing an open alcoholic beverage on approximately November 26, 2001.

211.     The collision occurred because Defendant Home Depot breached these duties by choosing to entrust Defendant Matthewslord to drive a company vehicle despite having known or should have known that he was charged with trespassing on posted property in violation of Maryland Code § 27-577 on approximately January 5, 2002.

212.     The collision occurred because Defendant Home Depot breached these duties by choosing to entrust Defendant Matthewslord to drive a company vehicle despite having known or should have known that he was charged with having an alcoholic beverage in a retail area on approximately January 18, 2002.

213.     The collision occurred because Defendant Home Depot breached these duties by choosing to entrust Defendant Matthewslord to drive a company vehicle despite having known or should have known that he was charged with theft in violation of Maryland Code § 7-104 on approximately October 1, 2002.

214.     The collision occurred because Defendant Home Depot breached these duties by choosing to entrust Defendant Matthewslord to drive a company vehicle despite having known or

32

should have known that he was charged with theft in violation of Maryland Code § 27-342 on approximately October 15, 2002.

215.    The collision occurred because Defendant Home Depot breached these duties by choosing to entrust Defendant Matthewslord to drive a company vehicle despite having known or should have known that he was charged with second degree assault in violation of Maryland Code § 3-203 on approximately March 7, 2003.

216.    The collision occurred because Defendant Home Depot breached these duties by choosing to entrust Defendant Matthewslord to drive a company vehicle despite having known or should have known that he was charged with theft of less than $500.00 in violation of Maryland Code § 7-104 on approximately March 7, 2003.

217.    The collision occurred because Defendant Home Depot breached these duties by choosing to entrust Defendant Matthewslord to drive a company vehicle despite having known or should have known that he was charged with trespassing in violation of Maryland Code § 27-576 on approximately April 10, 2003.

218.    The collision occurred because Defendant Home Depot breached these duties by choosing to entrust Defendant Matthewslord to drive a company vehicle despite having known or should have known that he was charged with second degree assault in violation of Maryland Code § 3-203 on approximately April 10, 2003.

219.    The collision occurred because Defendant Home Depot breached these duties by choosing to entrust Defendant Matthewslord to drive a company vehicle despite having known or should have known that he was charged with theft under $500.00 in violation of Maryland Code § 7-104 on approximately April 10, 2003.

33

220.    The collision occurred because Defendant Home Depot breached these duties by choosing to entrust Defendant Matthewslord to drive a company vehicle despite having known or should have known that he was charged with theft in violation of Maryland Code § 27-342 on approximately April 10, 2003.

221.    The collision occurred because Defendant Home Depot breached these duties by choosing to entrust Defendant Matthewslord to drive a company vehicle despite having known or should have known that he was charged with possession of paraphernalia in violation of Maryland Code § 5-619 on approximately May 18, 2006.

222.    The collision occurred because Defendant Home Depot breached these duties by choosing to entrust Defendant Matthewslord to drive a company vehicle despite having known or should have known that he was charged with forgery in violation of Virginia Code § 18.2-172 on approximately August 28, 2007.

223.    The collision occurred because Defendant Home Depot breached these duties by choosing to entrust Defendant Matthewslord to drive a company vehicle despite having known or should have known that he was charged with being a fugitive from justice on approximately September 26, 2007.

224.    The collision occurred because Defendant Home Depot breached these duties by choosing to entrust Defendant Matthewslord to drive a company vehicle despite having known or should have known that he was charged with theft of less than $100.00 in violation of Maryland Code § 7-104 on approximately December 20, 2008.

225.    The collision occurred because Defendant Home Depot breached these duties by choosing to entrust Defendant Matthewslord to drive a company vehicle despite having known or

34

should have known that he was charged with and plead guilty to theft of less than $500.00 in violation of Maryland Code § 7-104 on approximately December 20, 2008.

226.    The collision occurred because Defendant Home Depot breached these duties by choosing to entrust Defendant Matthewslord to drive a company vehicle despite having known or should have known that he was charged with theft of less than $1,000.00 in violation of Maryland Code § 7-104 on approximately December 20, 2008.

227.    The collision occurred because Defendant Home Depot breached these duties by choosing to entrust Defendant Matthewslord to drive a company vehicle despite having known or should have known that he was charged with possession of paraphernalia in violation of Maryland Code § 5-619(c)(1) on approximately January 17, 2009.

228.    The collision occurred because Defendant Home Depot breached these duties by choosing to entrust Defendant Matthewslord to drive a company vehicle despite having known or should have known that he was charged with and plead guilty to theft of valuables of $500.00 or over in violation of Maryland Code § 7-104 on approximately February 10, 2009.

229.    The collision occurred because Defendant Home Depot breached these duties by choosing to entrust Defendant Matthewslord to drive a company vehicle despite having known or should have known that he was charged with being a fugitive from justice on approximately February 10, 2009.

230.    The collision occurred because Defendant Home Depot breached these duties by choosing to entrust Defendant Matthewslord to drive a company vehicle despite having known or should have known that he was charged with and plead guilty to theft of valuables of less than $500.00 in violation of Maryland Code § 7-104 on approximately February 24, 2009.

231.    The collision occurred because Defendant Home Depot breached these duties by choosing to entrust Defendant Matthewslord to drive a company vehicle despite having known or should have known that he was charged with and plead guilty to theft of valuables of $100.00 or less in violation of Maryland Code § 7-104(g)(3) on approximately February 24, 2009.

232.    The collision occurred because Defendant Home Depot breached these duties by choosing to entrust Defendant Matthewslord to drive a company vehicle despite having known or should have known that he was charged with theft of over $500.00 on approximately July 6, 2009.

233.    The collision occurred because Defendant Home Depot breached these duties by choosing to entrust Defendant Matthewslord to drive a company vehicle despite having known or should have known that he was charged with and plead guilty to having an open container (alcoholic beverage) in public and causing a disturbance in violation of Maryland Code § 19-301 on approximately July 6, 2009.

234.    The collision occurred because Defendant Home Depot breached these duties by choosing to entrust Defendant Matthewslord to drive a company vehicle despite having known or should have known that he was charged with theft of less than $500.00 in violation of Maryland Code § 7-104 on approximately July 6, 2009.

235.    The collision occurred because Defendant Home Depot breached these duties by choosing to entrust Defendant Matthewslord to drive a company vehicle despite having known or should have known that he was charged with being a fugitive from justice on approximately August 29, 2009.

236.    The collision occurred because Defendant Home Depot breached these duties by choosing to entrust Defendant Matthewslord to drive a company vehicle despite having known or

should have known that he was charged with being a fugitive from justice on approximately March 4, 2010.

237.    The collision occurred because Defendant Home Depot breached these duties by choosing to entrust Defendant Matthewslord to drive a company vehicle despite having known or should have known that he was charged with and plead guilty for theft of less than $1,000.00 in violation of Maryland Code § 7-104 on approximately September 28, 2010

238.    The collision occurred because Defendant Home Depot breached these duties by choosing to entrust Defendant Matthewslord to drive a company vehicle despite having known or should have known that he was charged with tresspassing in violation of Maryland Code § 6-402 on approximately March 17, 2011.

239.    The collision occurred because Defendant Home Depot breached these duties by choosing to entrust Defendant Matthewslord to drive a company vehicle despite having known or should have known that he was charged with  and plead guilty to fourth degree burglary in violation of Maryland Code § 6-205 on approximately March 17, 2011.

240.    The collision occurred because Defendant Home Depot breached these duties by choosing to entrust Defendant Matthewslord to drive a company vehicle despite having known or should have known that he was charged with fourth degree burlary of a dwelling in violation of Maryland Code § 6-205 on approximately January 12, 2012.

241.    The collision occurred because Defendant Home Depot breached these duties by choosing to entrust Defendant Matthewslord to drive a company vehicle despite having known or should have known that he was charged with trespassing on posted property in violation of Maryland Code § 6-402 on approximately January 12, 2012.

242.    The collision occurred because Defendant Home Depot breached these duties by choosing to entrust Defendant Matthewslord to drive a company vehicle despite having known or should have known that he was charged with manufacturing/distributing narcotics on approximately November 20, 2012.

243.    The collision occurred because Defendant Home Depot breached these duties by choosing to entrust Defendant Matthewslord to drive a company vehicle despite having known or should have known that he was charged with failure to obey a highway sign in violation of Virginia Code § 46.2-830 on approximately September 3, 2019.

244.    As a direct and proximate result of the conduct of the Defendants and their breaches of the above duties and negligence, agency/vicarious liability and negligent hiring and retention, Thomas Moncrief suffered severe, permanent, and uncompensated damages. These damages include permanent bodily injuries that have significantly negatively impacted his health.  These damages include past, present, and future physical pain and mental anguish, inconvenience, disfigurement, deformity and humiliation and embarrassment, suffering, and immobility and negative impact on quality of life. These damages caused and continue to cause Mr. Moncrief to expend sums of money for hospitals, physicians, and related care and treatment. These damages also caused and continue to cause Mr. Moncrief to miss work, resulting in ongoing lost wages and earning capacity.  Mr. Moncrief suffered and continues to suffer from mental and emotional harms and losses, including isolation, loss of mobility, anger, humiliation, fright, and anguish.

245.    Thomas Moncrief neither contributed to the violation of the safety rules which caused this collision, nor assumed the risk of the injuries sustained.

### COUNT I – NEGLIGENCE OF DEFENDANT KENNETH MATTEWSLORD

246.    Thomas Moncrief hereby incorporates the allegations of paragraphs one (1) through two-hundred forty-five (245) above and in addition, avers that Defendant Kenneth Matthewslord's negligence, as set forth above, proximately caused harm to Thomas Moncrief, thus justifying the award of monetary damages against him.

<h2 align="center">COUNT II – AGENCY/VICARIOUS LIABILITY</h2>

247.    Thomas Moncrief hereby incorporates the allegations of paragraphs one (1) through two-hundred forty-six (246) above and in addition, avers that Defendant Home Depot is vicariously liable for the negligence of their employee/agent, Defendant Kenneth Mattewslord, while acting within the scope of his employment with their permission and consent, as set forth above, that proximately caused harm to Thomas Moncrief, thus justifying the award of monetary damages against it.

<h2 align="center">COUNT III – NEGLIGENT HIRING</h2>

248.    Thomas Moncrief hereby incorporates the allegations of paragraphs one (1) through two-hundred forty-seven (247) above and in addition, avers that Defendant Home Depot hiring of Defendant Kenneth Matthewslord despite his past driving and criminal history and his dangerous propensities and the foreseeability to injure others, as set forth above, proximately caused harm to Thomas Moncrief and constituted negligent hiring, thus justifying the award of monetary damages against it.

<h2 align="center">COUNT IV – NEGLIGENT ENTRUSTMENT</h2>

249.    Thomas Moncrief hereby incorporates the allegations of paragraphs one (1) through two-hundred forty-eight (248) above and in addition, avers that Defendant Home Depot entrusting Defendant Kenneth Matthewslord, an employee of Defendant Home Depot, to drive a vehicle for Defendant Home Depot, despite having known or should have known that he was an unfit driver,

and that his unfitness was a proximate cause of the collision and Mr. Moncrief's injuries, as set forth above, proximately caused harm to Thomas Moncrief and constituted negligent entrustment, thus justifying the award of monetary damages against it.

<u>**COUNT V – NEGLIGENT RETENTION**</u>

250.    Thomas Moncrief hereby incorporates the allegations of paragraphs one (1) through two-hundred forty-nine (249) above and in addition, avers that Defendant Home Depot retention of Defendant Kenneth Matthewslord as an employee of Defendant Home Depot, despite knowing or should have known about his driving and criminal history, and foreseeability to injure others, as set forth above, proximately caused harm to Thomas Moncrief and constituted negligent retention, thus justifying the award of monetary damages against it.

**WHEREFORE**, Plaintiff Thomas Moncrief demands judgment against Defendants Kenneth Matthewslord and Home Depot U.S.A., Inc., jointly and severally, for compensatory damages in the amount of Fifteen Million Dollars ($15,000,000.00), plus interest and costs, and for such other and further relief as the nature of this case may require.

**A TRIAL BY JURY IS REQUESTED IN THIS MATTER.**

Respectfully submitted,
**THOMAS MONCRIEF**
**CHASEN**BOSCOLO INJURY LAWYERS

By:    _____
Michael D. Reiter, Esq. (VSB# 93115)
CHASENBOSCOLO INJURY LAWYERS
6402 Arlington Blvd., Suite 600
Falls Church, VA 22042
(703) 538-1138 (telephone)
(703) 538-2774 (fax)
mreiter@chasenboscolo.com
*Counsel for Mr. Moncrief*

40

By:

_____
Michael E. Duncanson, Esq. (VSB #92893)
CHASENBOSCOLO INJURY LAWYERS
6402 Arlington Blvd, Suite 600
Falls Church, VA 22042
(703) 538-1138 (telephone)
(703) 538-2774 (fax)
mduncanson@chasenboscolo.com
*Counsel for Mr. Moncrief*

VIRGINIA:

## IN THE CIRCUIT COURT FOR FAIRFAX COUNTY

| | |
|---|---|
| THOMAS MONCRIEF | ) |
| | ) |
| **Plaintiff** | ) |
| | ) |
| v. | ) **Case No:** |
| | ) |
| HOME DEPOT U.S.A., INC. | ) **2022   17507** |
| SERVE: | ) |
| Registered Agent CORPORATION SERVICE | ) |
| COMPANY | ) |
| 100 Shockoe Slip, Floor 2 | ) |
| Richmond, VA 23219 | ) |
| | ) |
| and | ) |
| | ) |
| KENNETH MATTHEWSLORD | ) |
| SERVE: | ) |
| 5715 63rd Avenue | ) |
| Riverdale, MD 20737 | ) |
| | ) |
| **Defendants.** | ) |

FILED
CIVIL INTAKE
2022 DEC 30 A II: 54

JOHN T. FREY
CLERK CIRCUIT COURT
FAIRFAX, VA

## THOMAS MONCRIEF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT HOME DEPOT, U.S.A., INC.

Comes now Plaintiff, Thomas Moncrief, by counsel, and propounds the following Requests for Production of Documents to Defendant Home Depot, U.S.A., Inc., as well as any insurance company served as an uninsured or under-insured motorist carrier, pursuant to Rule 4:9 of the Rules of the Supreme Court of Virginia, to produce the following documents at the office of plaintiff's counsel within 28 days after service hereof. If any request is objected to on any grounds, please identify (a) the specific grounds for objection, and (b) the documents subject to such objection, giving author, date, and subject.

## DOCUMENTS TO BE PRODUCED

1.      All written reports of each person whom you expect to call as an expert witness at trial.

**RESPONSE:**

42

2.     All documents upon which any expert witness you intend to call at trial relied to form an opinion.

     **RESPONSE:**

3.     The most recent resume or curriculum vitae of each expert whom you expect to call as an expert witness at trial.

     **RESPONSE:**

4.     All documents sent to, received from, reviewed by or prepared by any person you intend to call as an expert witness at the trial, including the entire file of anyone you intend to call as an expert witness in this case.

     **RESPONSE:**

5.     All notes, correspondence, bills, invoices, diagrams, photographs, x-rays or other documents prepared or reviewed by each person whom you expect to call as an expert witness at trial.

     **RESPONSE:**

6.     All invoices generated by expert witnesses generated for performing all expert witness services to the defendant, including but not limited to, the fees for the medical examination, the records review, the pretrial preparation, any telephone conference, any trial testimony anticipated and any other fee paid by the defendants for expert fees.

     **RESPONSE:**

7.     The 1099's, tax forms, and W-2's for the past five years of any expert you intend to call as a witness in this trial.

     **RESPONSE:**

43

8.      Any transcripts, depositions or other recorded testimony of any expert you intend to call as a witness in this case for the past five years.

**RESPONSE:**

9.      The transcript or deposition of any person who has provided testimony concerning this collision.

**RESPONSE:**

10.     All documents used, by any expert you intend to call as a witness, to form part or all of his or her opinions.

**RESPONSE:**

11.     Any and all reports related to this case written by any expert retained by the Defendant.

**RESPONSE:**

12.     All written, recorded, or signed statements of any party, including the Plaintiff, Defendant, witnesses, investigators, or agent, representative or employee of the parties concerning the subject matter of this action.

**RESPONSE:**

13.     All photographs in color, if available, videotapes or audio tapes, x-rays, diagrams, medical records, surveys or other graphic representations of information concerning the subject matter of this action, the Plaintiff, or property damage.

**RESPONSE:**

14.     Any documents which afforded liability insurance for the incident which is the subject matter of the Plaintiff's Complaint including any umbrella or excess coverage.

**RESPONSE:**

44

15.     Any documents identified in any Answers to Interrogatories.

    **RESPONSE:**

16.     Any documents received pursuant to a subpoena, medical authorization, employer/employment authorization, or Freedom of Information Act (FOIA) request.

    **RESPONSE:**

17.     Any document prepared during the regular course of business as a result of the incident complained of in the Plaintiff's Complaint.

    **RESPONSE:**

18.     Copies of any treaties, standards in the industry, legal authority, rule, case, statute, or code, that will be relied upon in the defense of this case.

    **RESPONSE:**

19.     All maintenance records concerning the vehicle being driven by Defendant Kenneth Matthewslord on the date of the subject collision and for the two (2) years prior to the subject collision.

    **RESPONSE:**

20.     Any and all invoices, logs, sales receipts, itineraries, or schedules for the vehicle driven by Defendant Kenneth Matthewslord.

    **RESPONSE:**

21.     Any and all driving records of Defendant Kenneth Matthewslord prior to the subject crash.

    **RESPONSE:**

22.     Any and all criminal records of Defendant Kenneth Matthewslord since turning the age of 18.

    **RESPONSE:**

23.     Any citations Defendant received arising out of this occurrence.

        **RESPONSE:**

24.     Cell phone records for the cell phone owned by Defendant Kenneth Matthewslord on the day of the subject occurrence.

        **RESPONSE:**

25.     Color photographs of the property damage photos of the vehicles involved.

        **RESPONSE:**

26.     Color scene photos of the area where the crash occurred.

        **RESPONSE:**

27.     Photographs of vehicle owned by the Defendant Home Depot, U.S.A., Inc. from the day of the crash.

        **RESPONSE:**

28.     Photographs of the area surrounding the crash scene.

        **RESPONSE:**

29.     Any and all background investigations into Defendant Kenneth Matthewslord including his driving history and criminal records.

        **RESPOSNE:**

30.     Defendant Kenneth Matthewslord' personnel file with Defendant Home Depot, U.S.A., Inc.

        **RESPONSE:**

31.     Copies of any disciplinary documents filed against Defendant Kenneth Matthewslord at Home Depot, U.S.A., Inc.

**RESPONSE:**

32.     Copy of the Defendant Home Depot, U.S.A., Inc.'s company manual regarding company policies and procedures.

   **RESPONSE:**

33.     Copy of any safety training manuals from Defendant Home Depot, U.S.A., Inc.

   **RESPONSE:**

34.     Driving logs for Defendant Kenneth Matthewslord for the week leading up to the subject crash as well as the day of the subject crash.

   **RESPONSE:**

35.     Bills of lading or other documentation for any shipments transported by Defendant Kenneth Matthewslord for the day of the collision and the sixty (60) day period preceding the collision.

   **RESPONSE:**

36.     Defendant Kenneth Matthewslord' daily logs for the day of the collision, and the six-month period preceding the collision, together with all material required by 49 C.F.R. 396.8 and 49 C.F.R. 395.15 for the driver involved in the above matter.

   **RESPONSE:**

37.     All existing driver vehicle inspection reports required under 49 C.F.R. 396.11 for the vehicle involved in the above collision.

   **RESPONSE:**

38.     All existing daily inspection reports for the vehicle involved in this collision.

   **RESPONSE:**

47

39.    All existing maintenance, inspection and repair records or work orders on the vehicle involved in the above collision.

   **RESPONSE:**

40.    The work schedule for Defendant Kenneth Matthewslord for the day of the collision and for one (1) week prior to the collision.

   **RESPONSE:**

41.    All annual inspection reports for the truck involved in the above collision, covering the date of the collision.

   **RESPONSE:**

42.    Defendant Kenneth Matthewslord' complete drivers qualification file, including but not limited to:

   a.    Application for employment

   b.    CDL license

   c.    Driver's certification of prior traffic violations

   d.    Driver's certification of prior collisions

   e.    Driver's employment history

   f.    Inquiry into driver's employment history

   g.    Pre-employment MVR

   h.    Annual MVR

   i.    Annual review of driver history

   j.    Certification of road test

   k.    Medical examiner's certificate

   l.    Drug testing records

48

m.    HAZMAT or other training documents

**RESPONSE:**

43.    Photographs, video, computer-generated media, or other recordings of the interior and exterior of vehicles involved in this collision, the collision scene, the occurrence, or relating to any equipment or things originally located at or near the site of the occurrence.

**RESPONSE:**

44.    Defendant Kenneth Matthewslord's post-collision alcohol and drug testing results.

**RESPONSE:**

45.    Any lease contracts or agreements covering the driver, Defendant Kenneth Matthewslord, or the truck involved in this collision.

**RESPONSE:**

46.    Any interchange agreements regarding the truck involved in this collision.

**RESPONSE:**

47.    Any data and printout from onboard recording devices, including but not limited to the ECM (electronic control module), any onboard computer, tachograph, trip monitor, trip recorder, trip master or other recording or tracking device for the day of the collision and the six (6) month period preceding the collision for the equipment involved in the collision.

**RESPONSE:**

48.    Any post-collision maintenance, inspection, or repair records or invoices in regard to the truck involved in the above collision.

**RESPONSE:**

49.     Any weight tickets, fuel receipts, hotel bills, tolls, or other records of expenses, regardless of type, regarding the driver, Oswaldo J. Pisconte, or the truck involved in this collision for the day of the collision and the sixty (60) day period preceding the collision.

     **RESPONSE:**

50.     Any trip reports, dispatch records, trip envelopes regarding the driver or the truck involved in this collision for the day of the collision and the sixty (60) day period preceding this collision. Any e-mails, electronic messages, letters, memos, or other documents concerning this collision.

     **RESPONSE:**

51.     The collision register maintained by the motor carrier as required by federal law for the one (1) year period preceding this collision.

     **RESPONSE:**

52.     Any drivers' manuals, guidelines, rules or regulations given to drivers such as the one involved in this collision.

     **RESPONSE:**

53.     Any reports, memos, notes, logs or other documents evidencing complaints about the driver in the above collision.

     **RESPONSE:**

54.     Any DOT or PSC reports, memos, notes or correspondence concerning the driver or the truck involved in this collision.

     **RESPONSE:**

55.     Any downloadable computer data from the tractor's computer system to include but not be limited to Electronic Control Modules, Event Data Recorders, Eaton VORAD collision warning system, and other similar systems.

**RESPONSE:**

56.     The pre-trip inspection report completed by the driver for the trip involved in this collision.

       **RESPONSE:**

57.     All    OmniTRAC,    Qualcomm,    MVPc,    GTRACS,    OmniExpress,    TruckMail,

TRailerTRACS, SensorTRACS, JTRACS, and other similar systems data for the six (6) months

prior to the collision for this driver and truck.  You are hereby notified that you are required to

place your supplier of the above system, as your agent, on notice that it is to save this data.

       **RESPONSE:**

58.     All settlement sheets and expense sheets for the truck driver, Oswaldo J. Pisconte,

pertaining to trips taken for the day of the collision and sixty (60) days prior to the collision.

       **RESPONSE:**

59.     Cargo pickup or delivery orders prepared by motor carriers, brokers, shippers, receivers,

driver, or other persons, or organizations for sixty (60) days prior to the date of the collision as

well as the day of the collision.

       **RESPONSE:**

60.     Accounting records, cargo transportation bills and subsequent payments or other records

indicating billings for transportation or subsequent payment for the transportation of cargo, with

both the front and back of cancelled checks for cargo transported by the driver and/or truck

involved in the collision for sixty (60) days prior to the date of the collision as well as the day of

the collision.

       **RESPONSE:**

51

61.    Any other items associated in any way with the collision, including, but not limited to, documents, database information, or other piece of evidence concerning or reflecting upon the driver, the collision, or the van involved in the collision.

   **RESPONSE:**

62.    The entire personnel file of Defendant Kenneth Matthewslord.

   **RESPONSE:**

63.    Any and all communications via CB radio, mobile or satellite communication systems, e-mail, cellular phone, pager or other in cab communication device to include the bills for the devices for the seven days before, the day of, and the two days after the collision.

   **RESPONSE:**

64.    Any and all computer, electronic, or e-mail messages of any type created in the seven days prior to the collision and the first forty-eight hours immediately after the collision, by and between the defendant and any agents or third parties, as well as any computer messages which relate to this particular incident, whether generated or received by you.

   **RESPONSE:**

65.    Black box data in the subject vehicle as well as any drivecam or other surveillance video.

   **RESPONSE:**

66.    Any photos of the clothes and shoes worn by Defendant driver on the day of the subject crash.

   **RESPONSE:**

67.    Any documents regarding disciplinary action taken against Defendant Kenneth Matthewslord following the subject crash.

   **RESPONSE:**

63.    A copy of any and all social media postings made by any of the Defendants regarding the subject collision.

**RESPONSE:**

64.    A copy of any and all documents pertaining to driving license suspensions and/or revocations of Defendant Kenneth Matthewslord prior to the date, and the day of, the subject collision.

**RESPONSE:**

65.    A copy of any and all documents pertaining to criminal convictions of Defendant Kenneth Matthewslord before the date, and the day of, the subject collision.

**RESPONSE:**

66.    A copy of Defendant Kenneth Matthewslord job application to Home Depot, U.S.A., Inc.
**RESPONSE:**

67.    A copy of any documents indicating any disciplinary action, including preventables, warnings, reprimands and/or suspensions by Defendant Home Depot, U.S.A., Inc. regarding Defendant Kenneth Matthewslord.

**RESPONSE:**

68.    Any and all documents that provide the names, phone numbers, and addresses of any other people in the van with Defendant Kenneth Matthewslord at the time of the collision.

**RESPONSE:**

69.    Any and all photographs of the Plaintiff.

**RESPONSE:**

70.    Any and all photographs of the Defendant driver within one week of the collision.

**RESPONSE:**

53

71.     All statement(s) given by this defendant or Defendant Kenneth Matthewslord to some person and/or entity other than his or her attorney, including recorded statements provided to theinsurance company providing coverage to Defendants for the subject crash.

**RESPONSE:**

Respectfully submitted,
**THOMAS MONCRIEF**
**CHASEN**BOSCOLO INJURY LAWYERS

By:    _Michael Reiter_

Michael D. Reiter, Esq. (VSB# 93115)
CHASENBOSCOLO INJURY LAWYERS
6402 Arlington Blvd., Suite 600
Falls Church, VA 22042
(703) 538-1138 (telephone)
(703) 538-2774 (fax)
mreiter@chasenboscolo.com
*Counsel for Mr. Moncrief*

By:    _signature_

Michael E. Duncanson, Esq. (VSB #92893)
CHASENBOSCOLO INJURY LAWYERS
6402 Arlington Blvd, Suite 600
Falls Church, VA 22042
(703) 538-1138 (telephone)
(703) 538-2774 (fax)
mduncanson@chasenboscolo.com
*Counsel for Mr. Moncrief*

**VIRGINIA:**

## IN THE CIRCUIT COURT FOR FAIRFAX COUNTY

FILED
CIVIL INTAKE
2022 DEC 30 A II: 55

JOHN T. FREY
CLERK-CIRCUIT COURT
FAIRFAX, VA.

| | |
|---|---|
| **THOMAS MONCRIEF** | ) |
| | ) |
| **Plaintiff** | ) |
| | ) |
| **v.** | ) **Case No:** |
| | ) |
| **HOME DEPOT U.S.A., INC.** | ) |
| **SERVE:** | ) |
| **Registered Agent CORPORATION SERVICE** | ) |
| **COMPANY** | ) |
| **100 Shockoe Slip, Floor 2** | ) |
| **Richmond, VA 23219** | ) |
| | ) |
| **and** | ) |
| | ) |
| **KENNETH MATTHEWSLORD** | ) |
| **SERVE:** | ) |
| **5715 63rd Avenue** | ) |
| **Riverdale, MD 20737** | ) |
| | ) |
| | ) |
| **Defendants.** | ) |

## THOMAS MONCRIEF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT KENNETH MATTHEWSLORD

Comes now Plaintiff, Anthony Cole, Sr., by counsel, and propounds the following Requests for Production of Documents to Defendant Kenneth Matthewslord pursuant to Rule 4:9 of the Rules of the Supreme Court of Virginia, to produce the following documents at the office of plaintiff's counsel within 28 days after service hereof. If any request is objected to on any grounds, please identify (a) the specific grounds for objection, and (b) the documents subject to such objection, giving author, date, and subject.

## Documents to Produce

1.    All statement(s) given by this defendant to some person and/or entity other than his or her attorney, including recorded statements provided to the insurance company providing coverage to Defendants for the subject crash.

**RESPONSE:**

2.    The statement(s) of any witness, or other participant(s), who have, or may have claimed, knowledge of the occurrence, and/or the damages resulting from it.

**RESPONSE:**

3.    All notes, diagrams, photographs, slides, motion pictures, diagrams, maps, schematics, graphs, models, any other illustrative representations, and any other evidence pertaining to the parties, the vehicles involved, the scene of the occurrence, the occurrence, and damages.

**RESPONSE:**

4.    All reports made as a result of any inspection, examination, or investigation by any person acting on behalf of defendant as a result of the occurrence.

**RESPONSE:.**

5.    All insurance policies that cover or may cover the occurrence or any matters alleged in the Plaintiff's Complaint, including any umbrella or other excess policies purchased by the defendant.

**RESPONSE:**

6.    All documents sent to, received from, reviewed by or prepared by any person you intend to call as an expert witness at the trial in this case.

**RESPONSE:**

7.    The most recent resume or curriculum vitae of each person whom you expect to call as an expert witness at the trial of this case.

**RESPONSE:**

8.    Any and all statements made by the Plaintiff.

**RESPONSE:**

9.    Any and all documents you intend to introduce as an exhibit at trial.

**RESPONSE:**

56

10.     All documents and records received through subpoena, medical authorizations, employer/employment authorizations, or Freedom of Information Act (FOIA) during the course of this litigation.

**RESPONSE:**

11.     The 1099's, tax forms, and W-2's for the past five years of any expert you intend to call as a witness in this trial.

**RESPONSE:**

12.     Any transcripts, depositions or other recorded testimony of any expert you intend to call as a witness in this case for the past five years.

**RESPONSE:**

13.     The transcript or deposition of any person who has provided testimony concerning this collision.

**RESPONSE:**

14.     All documents used, by any expert you intend to call as a witness, to form part or all of his or her opinions.

**RESPONSE:**

15.     Any and all reports related to this case written by any expert retained by the Defendant.

**RESPONSE:**

16.     Any and all traffic violations and criminal charges, court papers, etc. related to the subject collision including the final trial summaries, police report, traffic court summons, and probation reports.

**RESPONSE:**

17.     Any and all cell phone records, bills, statements, or other written records that show the calls, texts, and other communications of any cell phone in the vehicle the defendant was operating at the time of the collision. If you do not have responsive documents in your possession, please provide the following information:
   a) Your mobile phone number(s) at the time of the collision;
   b) The service provider(s) for said phones;
   c) The account number(s);
   d) And the name of the account holder, if different from yourself.

**RESPONSE:**

18.    Copies of any photographs or video of the plaintiff taken at any time.

**RESPONSE:**

19.    A copy of the front and back of your driver's and commercial driver's license at the time of the collision now sued upon.

**RESPONSE:**

20.    A copy of any blood work, toxicology reports, or other medical document that shows any intoxicants in your system the date of the collision now sued upon.

**RESPONSE:**

21.    A copy of your latest eyeglass prescription.

**RESPONSE:**

22.    Any estimates or repair bills for your vehicle for the damage sustained as a result of this collision; or any estimates or repair bills for any prior damage or defects of your vehicle that existed on the date of the collision.  If you claim the existence of any defects in the vehicle you were operating had a causal relationship to the collision in question, please describe in complete detail the nature and extent of the defect claimed, the way in which it contributed to the collision, by whom and when it was first discovered, by whom and when it was repaired or corrected, and the date such condition was last inspected prior to the collision.

**RESPONSE:**

23.    A copy of any reports or estimates written concerning any claimed defect with your vehicle at the time of the collision.

**RESPONSE:**

24.    A copy of any receipts, bills, estimates, or other documents pertaining to any servicing or repair work performed on the vehicle you were operating at the time of the collision during the sixth months prior to the collision.

**RESPONSE:**

25.    A certified copy of any felony convictions or misdemeanor convictions involving moral turpitude.

**RESPONSE:**

26.    A copy of your full driving history transcript from the agency (i.e. Virginia Department of Motor Vehicles) issuing the driver's license you held at the time of the subject collision.

**RESPONSE:**

27.    Property damage photos of the vehicles involved in the crash.

**RESPONSE:**

28.    Scene photos of the area where the crash occurred.

**RESPONSE:**

29.    Copies of any recorded statements made by anyone, including Defendant Kenneth Matthewslord, having knowledge of the subject crash.

**RESPONSE:**

30.    Police report arising out of the subject crash.

**RESPONSE:**

31.    A copy of any and all social media postings you made regarding the subject collision.

**RESPONSE:**

32.    A copy of any and all documents pertaining to driving license suspensions and/or revocations prior to the date of the subject collision.

**RESPONSE:**

33.    A copy of any and all documents pertaining to criminal convictions before the date of the subject collision.

**RESPONSE:**

34.    A copy of your application to Home Depot, U.S.A., Inc. and personnel file with Home Depot, U.S.A., Inc.

**RESPONSE:**

35.    A copy of any documents indicating any disciplinary action, including preventables, warnings, reprimands and/or suspensions by Defendant Home Depot, U.S.A., Inc.

**RESPONSE:**

      36.    Any and all photographs of Defendant Kenneth Matthewslord within a week of the subject crash.

      **RESPONSE:**

Respectfully submitted,
**THOMAS MONCRIEF**
**CHASEN**BOSCOLO INJURY LAWYERS

By:               

             Michael D. Reiter, Esq. (VSB# 93115)
             CHASENBOSCOLO INJURY LAWYERS
             6402 Arlington Blvd., Suite 600
             Falls Church, VA 22042
             (703) 538-1138 (telephone)
             (703) 538-2774 (fax)
             mreiter@chasenboscolo.com
             *Counsel for Mr. Moncrief*

By:               

             Michael E. Duncanson, Esq. (VSB #92893)
             CHASENBOSCOLO INJURY LAWYERS
             6402 Arlington Blvd, Suite 600
             Falls Church, VA 22042
             (703) 538-1138 (telephone)
             (703) 538-2774 (fax)
             mduncanson@chasenboscolo.com
             *Counsel for Mr. Moncrief*

**VIRGINIA:**

## IN THE CIRCUIT COURT FOR FAIRFAX COUNTY

FILED
CIVIL INTAKE
2022 DEC 30 A II: 55

JOHN T. FREY
CLERK-CIRCUIT COURT
FAIRFAX, VA.

|  |  |  |
|---|---|---|
| THOMAS MONCRIEF | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| **v.** | ) | **Case No:** |
| | ) | |
| HOME DEPOT U.S.A., INC. | ) | **2022  17507** |
| **SERVE:** | ) | |
| **Registered Agent CORPORATION SERVICE** | ) | |
| **COMPANY** | ) | |
| **100 Shockoe Slip, Floor 2** | ) | |
| **Richmond, VA 23219** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| KENNETH MATTHEWSLORD | ) | |
| **SERVE:** | ) | |
| **5715 63rd Avenue** | ) | |
| **Riverdale, MD 20737** | ) | |
| | ) | |
| **Defendants.** | ) | |

## THOMAS MONCRIEF'S FIRST SET OF REQUESTS FOR ADMISSION TO DEFENDANT KENNETH MATTHEWSLORD

**COMES NOW** Plaintiff, by counsel, and propounds the following Requests for Admission to the Defendant, as well as any insurance company served as an uninsured or under-insured motorist carrier, pursuant to Rule 4:11 of the Rules of the Supreme Court of Virginia, to admit or deny the following within 28 days after service hereof:

## REQUESTS

1.    Admit that on May 6, 2021, at approximately 9:26 a.m. you were driving a 2020 Kenworth T-270 truck on northbound Interstate 495 Fairfax County, Virginia within the scope of your employment and with the permission and consent of Defendant Home Depot, U.S.A., Inc.

**RESPONSE:**

2.    Admit that on May 6, 2021, at approximately 9:26 a.m. you were involved in a collision with a Ford Transit van (hereinafter "collision") driven by Thomas Moncrief.

61

**RESPONSE:**

3.    Admit that the driver involved in the aforementioned collision was THOMAS MONCRIEF ("Mr. Moncrief").

**RESPONSE:**

4.    Admit that on May 6, 2021, at approximately 9:26 a.m., you struck the rear of Mr. Moncrief's vehicle.

**RESPONSE:**

5.    Admit that no other person, known or unknown, caused the collision on May 6, 2021, at approximately 9:26 a.m. If your response is a denial, in part or in whole, please state the factual basis for your denial.

**RESPONSE:**

6.    Admit that no other person, known or unknown, contributed to causing the collision on May 6, 2021, at approximately 9:26 a.m. If your response is a denial, in part or in whole, please state the factual basis for your denial.

**RESPONSE:**

7.    Admit you had a valid driver's license at the time of the collision.

**RESPONSE:**

8.    Admit that you negligently caused the collision on May 6, 2021 at approximately 9:26 a.m.  If your response is a denial, in part or in whole, please state the factual basis for your denial.

**RESPONSE:**

9.    Admit that Thomas Moncrief was injured in the motor vehicle collision on May 6, 2021. If your response is a denial, in part or in whole, please state the factual basis for your denial.

**RESPONSE:**

Respectfully submitted,
**THOMAS MONCRIEF**
**CHASEN**BOSCOLO INJURY LAWYERS

By:    _____

Michael D. Reiter, Esq. (VSB# 93115)
CHASENBOSCOLO INJURY LAWYERS
6402 Arlington Blvd., Suite 600
Falls Church, VA 22042
(703) 538-1138 (telephone)
(703) 538-2774 (fax)
mreiter@chasenboscolo.com
*Counsel for Mr. Moncrief*

By:

Michael E. Duncanson, Esq. (VSB #92893)
CHASENBOSCOLO INJURY LAWYERS
6402 Arlington Blvd, Suite 600
Falls Church, VA 22042
(703) 538-1138 (telephone)
(703) 538-2774 (fax)
mduncanson@chasenboscolo.com
*Counsel for Mr. Moncrief*

VIRGINIA:

## IN THE CIRCUIT COURT FOR FAIRFAX COUNTY

| | |
|---|---|
| **THOMAS MONCRIEF** ) | |
| ) | |
| **Plaintiff** ) | |
| ) | |
| **v.** ) | **Case No:** |
| ) | |
| **HOME DEPOT U.S.A., INC.** ) | |
| **SERVE:** ) | |
| **Registered Agent CORPORATION SERVICE** ) | |
| **COMPANY** ) | |
| **100 Shockoe Slip, Floor 2** ) | |
| **Richmond, VA 23219** ) | |
| ) | |
| **and** ) | |
| ) | |
| **KENNETH MATTHEWSLORD** ) | |
| **SERVE:** ) | |
| **5715 63rd Avenue** ) | |
| **Riverdale, MD 20737** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## THOMAS MONCRIEF'S FIRST SET OF REQUESTS FOR ADMISSION TO DEFENDANT HOME DEPOT, U.S.A., INC.

**COMES NOW** Plaintiff, by counsel, and propounds the following Requests for Admission to the Defendant, as well as any insurance company served as an uninsured or under-insured motorist carrier, pursuant to Rule 4:11 of the Rules of the Supreme Court of Virginia, to admit or deny the following within 28 days after service hereof:

## REQUESTS

1.      Admit that Defendant Home Depot, U.S.A., Inc. negligently hired Defendant Kenneth Matthewslord. If Home Depot, U.S.A., Inc.'s response is in denial, please state the facts of such a denial.

**RESPONSE:**

2.     Admit that Defendant Home Depot, U.S.A., Inc. negligently retained Defendant Kenneth Matthewslord. If Home Depot, U.S.A., Inc.'s response is in denial, please state the facts of such a denial.

**RESPONSE:**

3.     Admit that Defendant Home Depot, U.S.A., Inc. negligently entrusted Defendant Kenneth Matthewslord with its vehicle, the 2020 Kenworth T-270 truck involved in the collision at issue in this case, while Defendant Matthewslord was working for Defendant Home Depot, U.S.A., Inc. with Defendant Home Depot, U.S.A., Inc.'s permission and consent. If Home Depot, U.S.A., Inc.'s response is in denial, please state the facts of such a denial.

**RESPONSE:**

Respectfully submitted,
**THOMAS MONCRIEF**
**CHASEN**BOSCOLO INJURY LAWYERS

By:    _____

Michael D. Reiter, Esq. (VSB# 93115)
CHASENBOSCOLO INJURY LAWYERS
6402 Arlington Blvd., Suite 600
Falls Church, VA 22042
(703) 538-1138 (telephone)
(703) 538-2774 (fax)
mreiter@chasenboscolo.com
*Counsel for Mr. Moncrief*

By:    _____

Michael E. Duncanson, Esq. (VSB #92893)
CHASENBOSCOLO INJURY LAWYERS
6402 Arlington Blvd, Suite 600
Falls Church, VA 22042
(703) 538-1138 (telephone)
(703) 538-2774 (fax)
mduncanson@chasenboscolo.com
*Counsel for Mr. Moncrief*

VIRGINIA:

## IN THE CIRCUIT COURT FOR FAIRFAX COUNTY

*FILED*
*CIVIL INTAKE*
*(2022 DEC 30 A 11:55)*
*JOHN T. FREY*
*CLERK CIRCUIT COURT*
*FAIRFAX, VA.*

| | |
|---|---|
| THOMAS MONCRIEF<br><br>**Plaintiff**<br><br>v.<br><br>HOME DEPOT U.S.A., INC.<br>SERVE:<br>Registered Agent CORPORATION SERVICE<br>COMPANY<br>100 Shockoe Slip, Floor 2<br>Richmond, VA 23219<br><br>and<br><br>KENNETH MATTHEWSLORD<br>SERVE:<br>5715 63rd Avenue<br>Riverdale, MD 20737<br><br>    **Defendants.** | )<br>)<br>)<br>)<br>)<br>)  Case No:<br>)<br>)  **2022  17507**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## THOMAS MONCRIEF'S FIRST SET OF INTERROGATORIES
## TO DEFENDANT KENNETH MATTHEWSLORD

**COMES NOW** Plaintiff, by counsel, and propounds the following Interrogatories upon the Defendant, as well as any insurance company served as an uninsured or under-insured motorist carrier, pursuant to Rule 4:8 of the Rules of the Supreme Court of Virginia, to be answered under oath within 28 days of service hereof:

### Definitions and Instructions

(a) These interrogatories are continuing in character so as to require you to file supplementary answers if you obtain further or different information before trial.

(b) Where the name of a person is requested, indicate the full name, home and business address of such person.

(c) Unless otherwise indicated, these interrogatories refer to the time, place and circumstances of the occurrences mentioned or complained of in Plaintiff's Complaint.

66

(d)  Where information or knowledge and possession of a party is requested, such request includes knowledge of the party's agent, next friend, guardian, representatives, and unless privileged, their attorney.

(e)  The pronoun "you" and "your" refers to the party to whom these interrogatories are addressed, and the person or persons mentioned in clause (d).

## INTERROGATORIES

1.  Please provide the following information for your cellular telephone:
    a)  Your mobile phone number(s) at the time of the collision;
    b)  The service provider(s) for said phones;
    c)  The account number(s);
    d)  And the name of the account holder.

**ANSWER:**

Respectfully submitted,
**THOMAS MONCRIEF**
**CHASEN**BOSCOLO INJURY LAWYERS

By:
_____
Michael D. Reiter, Esq. (VSB# 93115)
CHASENBOSCOLO INJURY LAWYERS
6402 Arlington Blvd., Suite 600
Falls Church, VA 22042
(703) 538-1138 (telephone)
(703) 538-2774 (fax)
mreiter@chasenboscolo.com
*Counsel for Mr. Moncrief*

By:
_____
Michael E. Duncanson, Esq. (VSB #92893)
CHASENBOSCOLO INJURY LAWYERS
6402 Arlington Blvd, Suite 600
Falls Church, VA 22042
(703) 538-1138 (telephone)
(703) 538-2774 (fax)
mduncanson@chasenboscolo.com
*Counsel for Mr. Moncrief*